OPINION
{¶ 1} Defendant-Appellant, Tyrone D. McGhee, appeals a judgment of the Shelby County Court of Common Pleas, sentencing him upon his plea of guilty for one count of engaging in a pattern of corrupt activity. On appeal, McGhee asserts that the trial court erred by imposing the maximum sentence, that he was sentenced in violation of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, and that McGhee's sentence is not consistent with other sentences for similarly situated offenders. Finding that McGhee's sentence is void as based upon unconstitutional statutes, pursuant to State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, the judgment of the trial court is reversed and remanded for further proceedings.
 {¶ 2} In March of 2005, Crisp McGhee was indicted for five counts of trafficking in drugs in violation of R.C. 2925.03, felonies of the fourth and fifth degree, two counts of possession of drugs in violation of R.C. 2925.11, felonies of the third and fourth degree, and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, a felony of the first degree.
 {¶ 3} Subsequently, McGhee pled guilty to one count of engaging in a pattern of corrupt activity in violation of R.C.2923.32, a felony of the first degree, and the State dismissed all other charges.
 {¶ 4} In September of 2005, a sentencing hearing was held, and the trial court imposed the maximum sentence of ten years upon McGhee's sole offense. It is from this judgment McGhee appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I The Trial Court erred in sentencing the Defendant by imposinga maximum sentence, in violation of R.C. 2929.14(C).
 Assignment of Error No. II Sentencing in this case violated the Apprendi doctrine asexplained in Blakely v. Washington and was thereforeunconstitutional.
 Assignment of Error No. III The Sentence was not consistent with other sentences for othersimilarly situated offenders.
 {¶ 5} Due to the nature of McGhee's assignments of error, we elect to address the assignments of error out of order.
 Assignment of Error No. II {¶ 6} In the second assignment of error, McGhee asserts that his sentence is in violation of Blakely v. Washington,542 U.S. 296. The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster, supra. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) and (C) and R.C. 2929.19(B)(2), which require judicial findings for a maximum term. 2006 Ohio 856, at para. one of the syllabus of the court. Pursuant to the ruling of the Ohio Supreme Court in Foster we find that McGhee's sentence is void as being based upon unconstitutional statutes. Thus, the second assignment of error is sustained.
 Assignments of Error No. I III {¶ 7} In the first assignment of error, McGhee asserts that the trial court erred by imposing the maximum sentence. In the third assignment of error, McGhee asserts that his sentence is not consistent with other sentences for similarly situated offenders. Based on the foregoing it is unnecessary for this Court to address the remaining assignments of error. Pursuant to App.R. 12(A)(1)(c), assignments of error one and three have been rendered moot.
 {¶ 8} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with State v. Foster, supra.
Judgment reversed and remanded.
 Bryant, P.J., and Shaw, J., concur.